**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert G Furst,<br><br>    Plaintiff,<br><br>v.<br><br>Linda Mayne, et al.,<br><br>    Defendants. | No. CV-21-01287-PHX-DLR<br><br>**ORDER** |

Pending before the Court are the parties' cross-motions for summary judgment, which are fully briefed.[1] (Docs. 57–59, 62–64.) For the reasons discussed herein, Plaintiff Robert Furst's ("Mr. Furst") motion for partial summary judgment (Doc. 57) is denied, and Defendants' motion for summary judgment (Doc. 58) is granted.

**I.  Background**

In 1988, David Furst ("David") and Hanna Furst ("Hanna") established the Furst Family Trust ("Family Trust"), a revocable estate planning trust in which they were the Trustors, Co-Trustees, and primary beneficiaries. (Doc. 57-1 at 2–11.) In 2018, David and Hanna resigned as Co-Trustees and appointed their adult children, Mr. Furst and Defendant Linda Mayne ("Ms. Mayne"), as Successor Co-Trustees. (Doc. 57-1 at 13.) As Co-Trustees, Mr. Furst and Ms. Mayne, acting alone, could transact business on behalf of the

---

[1] The parties' request for oral argument is denied because the issues are adequately briefed, and oral argument will not assist the Court in reaching its decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

Family Trust. (Doc. 57-1 at 13.)

After David passed away in 2018, Hanna became the primary beneficiary of the Family Trust. (Doc. 57 at 17.) In March 2019, Hanna suffered a stroke, leaving her paralyzed. (Doc. 57 at 17.) The Family Trust empowered Mr. Furst and Ms. Mayne to distribute all amounts necessary for Hanna's support, comfort, and care. (Doc. 57-1 at 8.)

Mr. Furst claims that in 2019, Ms. Mayne instructed TD Ameritrade to "freeze" the primary Family Trust account containing the bulk of the Trust's funds, preventing the funds from being invested for the benefit of Hanna or distributed to Hanna. (Doc. 57 at 17–18.) Mr. Furst further claims that he had no access to any of the other Family Trust accounts whereas Ms. Mayne "surreptitiously gained access" to two Family Trust accounts and reimbursed herself from these accounts by "forging" Hanna's signatures on checks. (Doc. 62 at 23.) Mr. Furst asserts that after he complained to Ms. Mayne about not having access to these accounts despite being a Co-Trustee, Ms. Mayne told him that she would cooperate in getting him access and that if he "advanced [his] own personal funds to Hanna, [Ms. Mayne] would write [him] a reimbursement check from the Family Trust, just like she did with respect to her own personal advances." (Doc. 62 at 25.) Mr. Furst claims that from April 2019 to September 11, 2019, in relying on Ms. Mayne's representation of reimbursement, he used his personal funds to advance Hanna's expenses, which included "rent, groceries, prescription drugs, medical supplies, medical equipment, cable television, utilities, medical transport expenses[,] and restaurant expenses." (Doc. 57 at 18.)

On November 22, 2021, Mr. Furst filed his First Amended Complaint ("FAC") against Ms. Mayne and her husband, Stephen S. Mayne,[2] seeking reimbursement of these advances. In his FAC, Mr. Furst raises two claims: common law fraud and constructive fraud.[3] (Doc. 20.)

## II. Standard

When parties submit cross-motions for summary judgment, the Court must consider

---

[2] Mr. Furst makes no claims against Mr. Mayne; instead, Mr. Mayne is named as a defendant merely for the purpose of binding the community estate.

[3] On August 11, 2022, the Court dismissed Mr. Furst's breach of fiduciary duty claim. (Doc. 38.)

each motion on its own merits. *Fair Hous. Council of Riverside Cnty., Inc. v. Riverside Two*, 249 F.3d 1132, 1136 (9th Cir. 2001). The Court will grant summary judgment when, viewing the facts in a light most favorable to the nonmoving party, there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). A fact is material if it "might affect the outcome of the suit under the governing law." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A dispute is genuine if a reasonable jury could return a verdict for the nonmoving party based on the competing evidence. *Id.*

Summary judgment may also be entered "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." *Celotex Corp. v. Catrett*, 477 U.S. 317, 322 (1986). In such a situation, the party seeking summary judgment bears the initial burden of informing the Court of the "basis for its motion, and identifying those portions of the [record] which it believes demonstrates the absence of a genuine issue of material fact." *Id.* at 323 (citations and internal quotations omitted). The burden then shifts to the non-movant to establish the existence of a genuine dispute of material fact. *Id.* at 324. The non-movant may not simply rest upon the allegations of her pleadings. Rather, the non-movant must point to "specific facts showing that there is a genuine issue for trial." *Id.* at 324. Furthermore, the non-movant "must do more than simply show that there is some metaphysical doubt as to the material facts. . . . Where the record taken as a whole could not lead a rational trier of fact to find for the non-moving party, there is no genuine issue for trial." *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586–87 (1986) (internal quotation and citation omitted).

**III.    Analysis**

Mr. Furst raises two claims: common law fraud and constructive fraud. Both claims assert that Mr. Furst, to his detriment, relied on Ms. Mayne's allegedly false representation that "if [Mr. Furst] advanced his own personal funds to Hanna to pay for her support, care[,] and maintenance and provided invoices to [Ms. Mayne], [Ms. Mayne] would reimburse

[Mr. Furst] from the Family Trust." (Doc. 20 ¶¶ 133, 145.) The Court finds that the doctrine of double recovery precludes Mr. Furst's claims for relief as a matter of law and therefore Defendants are entitled to summary judgment on both claims.

It is well settled that a party may not recover twice for the same injury arising from the same conduct or wrong.[4] *See Ball Corp. v. George*, 556 P.2d 1143, 1148 (Ariz. 1976) ("There can be no double recovery."); *Adams v. Dion*, 509 P.2d 201, 202 (Ariz. 1973). Here, Mr. Furst seeks reimbursement for the advances he made for Hanna's living expenses from April to September of 2019. Yet, it is undisputed that the Family Trust already reimbursed Mr. Furst $200,000 for such advances.

On October 7, 2020, Mr. Furst filed a "Petition for Repayment of Loans Made by Robert Furst to Hanna Furst to Allow Her to Pay Her Caregiver Expenses While Trust Assets and Pension Assets Were Unavailable" ("Reimbursement Petition") in Maricopa County Superior Court. (Doc. 23-1.) In the Reimbursement Petition, Mr. Furst claimed that because Ms. Mayne "tied up" the Family Trust's assets, he "stepped in and loaned the necessary funds to Hanna Furst (together with additional funds for rent, groceries, medical care, prescription drugs, medical supplies, medical equipment, and medical transport)." As such, Mr. Furst's Reimbursement Petition sought "repayment of all loans made to Hanna . . . for her 24/7 caregiver expenses." (*Id.*)

In September 2022, Maricopa County Superior Court approved a Settlement Agreement between Zia Trust,[5] the Successor Trustee of the Family Trust, and Mr. Furst. (Doc. 58-9.) The Settlement Agreement resolved, among other things, Mr. Furst's Reimbursement Petition. (Doc. 58-10.) The Settlement Agreement provided that in

---

[4] In his motion for partial summary judgment (Doc. 57), Mr. Furst only relies on and discusses Arizona law. Yet, in his response to Defendants' motion for summary judgment (Doc. 62), Mr. Furst contends that California law should apply because Hanna and Ms. Mayne were California residents during the relevant timeframe, and Mr. Furst was caring for Hanna in California. The Court need not reach whether Arizona or California law applies because both states preclude double recovery, and so the outcome remains the same. *See e.g., Tavaglione v. Billings*, 847 P.2d 574, 580 (Cal. 1993) ("Double or duplicative recovery . . . is prohibited.").

[5] On September 17, 2019, Maricopa County Superior Court ordered the removal of Mr. Furst and Ms. Mayne as Co-Trustees and appointed Zia Trust, a professional trustee, as the Successor Trustee of the Family Trust. (Doc. 58–9 at 3.)

- 4 -

exchange for $200,000 paid by the Trust to Mr. Furst, Mr. Furst agreed to dismiss his claims against the Trust for reimbursement of funds he advanced "to pay for a portion of Hanna's expenses including rent, food, prescription drugs, medical supplies, medical equipment[,] and nursing case." (*Id.* ¶¶ 8, 34, 35.)

Both Mr. Furst's claims in the instant action and his claim in his Reimbursement Petition are premised on the same injury (using his personal funds to advance Hanna's living expenses) arising from the same alleged wrong (Ms. Mayne's misrepresentations). Because Mr. Furst's injury has been made whole by the Trust's $200,000 reimbursement, he can collect no more. *Hennesy Equip. Sales Co. v. Valley Nat. Bank*, 543 P.2d 123, 124 (Ariz. Ct. App. 1975) ("This does not mean . . . that two recoveries can be had. The [plaintiff] has suffered only one damage . . . . When that damage has been satisfied, either by being made whole by forger or the by the bank, the [plaintiff] can collect no more.").

Mr. Furst argues that the $200,000 settlement payment did not reimburse him for advances he made while Ms. Mayne was serving as Co-Trustee (*i.e.*, advances made before October 1, 2019), but rather only reimbursed him for advances he made while Zia Trust was serving as Trustee (*i.e.*, advances made after October 1, 2019). (Doc. 62 at 17.) The record, however, controverts this.

First, nothing in the Settlement Agreement limits its scope to advances made after October 1, 2019. (*See* Doc. 58-10.) To the contrary, the Settlement Agreement is clear in that it resolved Mr. Furst's Reimbursement Petition, which sought relief for advances that Mr. Furst made while Ms. Mayne was Co-Trustee. In other words, in exchange for $200,000, Mr. Furst agreed to dismiss his reimbursement claims for advances made prior to October 1, 2019.

What's more, in a Joint Report by Mr. Furst and Zia Trust to the Maricopa County Superior Court regarding Mr. Furst's Reimbursement Petition, Mr. Furst characterized his reimbursement claims as follows:

> Within one week of David Furst's death, [Ms. Mayne] froze all of the assets of the Furst Family Trust. Consequently, Trust funds were unavailable to pay for the caregivers and other obligations that were necessary for Hanna's care. To ensure

- 5 -

> that Hanna's demonstrated needs were met without delay, [Mr. Furst] advanced funds to cover Hanna's expenses. . . . In other words, [Mr. Furst] advanced expenses that Hanna incurred and which should have been pain by the trustees of the Trust in the administration of the Trust . . . . This Petition *seeks repayment for all funds* [Mr. Furst] advanced to provide for Hanna's demonstrated medical needs and living expenses.

(Doc. 58-7 at 2) (emphasis added). Thus, the Court finds there is no genuine dispute that Mr. Furst has been reimbursed $200,000 for, among other things, personal advances he made for Hanna's living expenses from April to September of 2019.

Because Mr. Furst has been made whole, he necessarily cannot establish the injury element of both his fraud and his constructive fraud claims. *Taeger v. Catholic Fam. & Cmty. Servs.*, 995 P.2d 721, 730 (Ariz. Ct. App. 1999) (holding that to prove common law fraud, plaintiff must establish proximate injury); *Ferneau v. Wilder*, 535 P.3d 554, 560 (Ariz. Ct. App. 2023) (holding that constructive fraud requires a showing of a fiduciary or confidential relationship and that the breacher of the duty induced justifiable reliance by the other to his detriment). Accordingly, Defendants are entitled to summary judgment on both claims.

**IT IS SO ORDERED** that Mr. Furst's motion for partial summary judgment (Doc. 57) is **DENIED** and Defendants' cross motion for summary judgment (Doc. 58) is **GRANTED**.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall enter judgment accordingly and terminate this case.

Dated this 16th day of April, 2024.

Douglas L. Rayes
United States District Judge

- 6 -