**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Robert G Furst, | No. CV-21-01287-PHX-DLR |
| Plaintiff, | **ORDER** |
| v. | |
| Linda Mayne, et al., | |
| Defendants. | |

Pending before the Court is Plaintiff Robert G. Furst's ("Mr. Furst") motion for reconsideration, which is fully briefed.[1] (Docs. 67, 75.) For the following reasons, the motion is denied.

**I.    Legal Standard**

Motions for reconsideration are rarely granted. *Defenders of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration ordinarily will be denied "absent a showing of manifest error or a showing of new facts or legal authority that could not have been brought to its attention earlier with reasonable diligence." LRCiv 7.2(g). The motion must "point out with specificity the matters the movant believes were overlooked or misapprehended by the Court, any new matters being brought to the Court's attention for the first time and the reasons they were not presented earlier, and any specific

---

[1] Plaintiff's request for oral argument is denied because the issues are adequately briefed, and oral argument will not assist the Court in reaching its decision. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f).

modifications being sought in the Court's order." *Id.* Further, "[n]o motion for reconsideration . . . may repeat any oral or written argument made by the movant in support or in opposition to the motion that resulted in the Order." *Id.* The Court may deny a motion for reconsideration if it fails to comply with these rules. *Id.*

**II.    Discussion**

On April 16, 2021, the Court granted Defendants Linda Mayne ("Ms. Mayne") and Stephen Mayne's ("Mr. Mayne") motion for summary judgment, finding that Mr. Furst's fraud and constructive fraud claims fail as a matter of law because the relief Mr. Furst sought for these claims is relief that he *already* received via a Settlement Agreement executed in 2022. (Doc. 65.) In drawing this conclusion, the Court found the following facts undisputed: that in October 2020, Mr. Furst filed a Reimbursement Petition in Maricopa County Superior Court, in which he sought from the Furst Family Trust ("Trust") a repayment of funds he advanced for his mother's care and her living expenses; that in claiming a right to reimbursement, Mr. Furst alleged that Ms. Mayne had "tied up" the Trust's assets, causing Mr. Furst to personally advance the funds for his mother's care; and that in September 2022, Mr. Furst and Zia Trust, the successor trustee of the Trust, executed a court-approved Settlement Agreement, providing that in exchange for $200,000, Mr. Furst would dismiss his reimbursement claims against the Trust. Furthermore, the Court found that Mr. Furst's claims in his Reimbursement Petition and his claims in the instant action were based on the same alleged injury (personally advancing funds for his mother's medical care) arising from the same alleged wrong (Ms. Mayne's actions and misrepresentations). Thus, the Court found no genuine dispute of fact that in executing the Settlement Agreement, Mr. Furst recovered relief for his injuries and thus could not recover twice for the same injuries.

In his instant motion, Mr. Furst argues that the Trust's $200,000 payment to him was a reimbursement for advances he made after October 1, 2019, whereas the relief he seeks from Ms. Mayne and her husband in this case is for advances he made *prior* to October 1, 2019. This is the same argument Mr. Furst made in his original response to the

Maynes' motion for summary judgment, but this time Mr. Furst points to different parts of the record to bolster his argument.

Specifically, Mr. Furst asserts that in October 2020, Maricopa County Superior Court "ruled that Zia Trust could not reimburse [Mr. Furst] for advances made by him prior to October 1, 2019." (Doc. 67 at 7, citing to Doc. 58-7 at 3.) Mr. Furst argues that "[b]ecause the Maricopa County Superior Court has previously prohibited Zia Trust from reimbursing [Mr. Furst] for advances made prior to October 1, 2019, the $200,000 settlement payment was necessarily made to reimburse [Mr. Furst] for post-October 1, 2019 advances." (Doc. 67 at 7.) The Court is not persuaded.

Notably, the court order that Mr. Furst references is nowhere in the record; instead, Mr. Furst relies on a Joint Report filed by Zia Trust, Ms. Mayne, and Mr. Furst in the Maricopa County Superior Court, which briefly references that October 2020 instruction. The Joint Report explains that:

> On January 29, 2020, Zia Trust, Inc. ("Trustee") filed its *Petition for Instructions Regarding Wage Claims and Related Demands from Power of Attorney* ("the Petition for Instructions."). In the Petition for Instructions[,] Trustee requested that the [Maricopa County Superior Court] find and instruct it . . . to withhold reimbursement to Robert Furst until he provides the requisite receipts, bills, and invoices substantiating his $300,000 claim, and provides Zia with signed releases of the two outstanding wage claims incurred by the Trust while he served as co-trustee or upon [Mr. Furst's] petition to this court and notice and hearing allowing such claim. . . .
>
> On October 22, 2020, [Maricopa County Superior Court] filed its order granting the Petition for Instructions. Because the Petition for Instructions is devoid of any allegation that would support a legal conclusion that [Mr. Furst] is not entitled to reimbursement of the money he advanced to [his mother] and/or the Trust, or any request that the Court reach that conclusion, *it is disputed that Robert is not entitled to reimbursement for amounts advanced prior to September 30, 2019*.

(Doc. 58-7 at 3–4 (emphasis added)).

From this, the Court gleans that: (1) the Maricopa County Superior Court's October 2020 order limiting Zia Trust's reimbursements to Mr. Furst was with respect to Zia Trust's

- 3 -

Petition for Instructions Regarding Wage Claims and *not* in relation to Mr. Furst's Reimbursement Petition; and (2) as of October 2020, the parties—Mr. Furst, Ms. Mayne, and Zia Trust—disputed Mr. Furst's entitlement to a reimbursement for advances made prior to October 2019. And this dispute over Mr. Furst's right to a reimbursement continued from October 2020 until June 7, 2022, when Zia Trust and Mr. Furst entered into a Settlement Agreement in which Mr. Furst agreed to accept $200,000 in exchange for the release of all claims asserted in his Reimbursement Petition.

That the county court limited Zia Trust's reimbursements while the case was pending does not controvert the fact that the parties continued to dispute for two years whether Mr. Furst was entitled to a reimbursement for pre-October 2019 advances. Nor does it controvert the fact that in June 2022, the parties settled this claim and Mr. Furst expressly released this claim in exchange for $200,000. Accordingly, the Court committed no manifest error in finding that double recovery precludes Mr. Furst's fraud and constructive fraud claims as a matter law.

What's more, though he now asserts otherwise, Mr. Furst argued in prior motions to this Court that his Reimbursement Petition and the instant action "both . . . arise out of the improper administration of the Family Trust, which was caused solely by Defendant Linda Mayne's fiduciary wrongdoing" and that "[b]oth claims are predicated on Defendant Linda Mayne's present intention not to perform when she stated to [Mr. Furst] that she would reimburse him from the Family Trust for all advances made by him for [his mother's] expenses." (Doc. 29 at 6.) Mr. Furst further conceded that he "is asserting a fraud claim against Defendant Linda Mayne that is not inconsistent with his assertion of a fraud rooted claim for the same amount against the Family Trust (provided, however, that he cannot receive a double recovery)." (*Id.*) Thus, not only does the uncontroverted evidence establish that Mr. Furst asserted the same claims for relief in his Reimbursement Petition as he asserted in this case, but Mr. Furst's own arguments to this Court acknowledged as such. *See Sholly v. Annan*, 450 F.2d 74, 76 (9th Cir. 1971) ("[A] party is estopped to contradict a position he advocated in a prior judicial proceeding, or in prior pleadings.")

(citing *Martin v. Wood*, 229 P.2d 710 (Ariz. 1951); *Adams v. Bear*, 350 P.2d 751 (Ariz. 1960)).

"[I]t is not enough to simply incant the phrase 'manifest error.'" *Estrada v. Bashas Inc.*, No. CV-02-00591-PHX-RCB, 2014 WL 1319189, at *3 (D. Ariz. Apr. 1, 2014). Mr. Furst had to identify each error and explain how it is "plain and indisputable[,] . . . amount[ing] to a complete disregard of the controlling law or credible evidence in the record." *Id.* Mr. Furst has not done that. Accordingly,

**IT IS ORDERED** that Mr. Furst's Motion for Reconsideration of Court Order Dated April 16, 2024 (Doc. 67) is **DENIED**.

Dated this 11th day of June, 2024.

Douglas L. Rayes
United States Senior District Judge