**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Robert G Furst,

           Plaintiff,

v.

Linda Mayne, et al.,

           Defendants.

No. CV-21-01287-PHX-DLR

**ORDER**

On November 10, 2025, Plaintiff filed a motion for sanctions against Defendants and their counsel. (Doc. 90.) Per Local Rule of Civil Procedure 7.2(c), Defendants' response brief was due by November 24, 2025. Defendants, however, filed their response six days later, on November 30, 2025, without having sought or obtained an extension of the response deadline. Defendants' tardiness prompted Plaintiff to file a motion to strike Defendants' untimely response brief. (Doc. 92.) In response, Defendants argue that a motion to strike is not a proper vehicle for raising the untimeliness issue, and that their delay in filing their response brief was due to a calendaring mistake. (Doc. 95.) In reply, Plaintiff contends that his motion to strike is proper under Local Rule of Civil Procedure 7.2(m)(1), notes that Defendants never moved for an extension of their response deadline, and argues that even if Defendants had so moved, they have not shown excusable neglect. (Doc. 96.)

Plaintiff's motion is procedurally proper. Local Rule of Civil Procedure 7.2(m)(1)

states:

> Unless made at trial, a motion to strike may be filed only if it is authorized by statute or rule, such as Federal Rules of Civil Procedure 12(f), 26(g)(2) or 37(b)(2)(A)(iii), or if it seeks to strike any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order.

Plaintiff relies on the portion of LRCiv 7.2(m)(1) that permits a party to move to strike "any part of a filing or submission on the ground that it is prohibited (or not authorized) by a statute, rule, or court order." (*See* Doc. 96 at 1-2.) Under this provision, "[a]ny document filed with the Clerk of the Court that is not in compliance with the Local Rules may be stricken," *Aloe Vera of Am. Inc. v. United States*, No. CV-99-01794-PHX-JAT, 2015 WL 4474285, at *2 (D. Ariz. July 21, 2015), and Plaintiff contends that Defendants' response brief was filed out of compliance with the Local Rules because Defendants submitted it after the expiration of the deadline set by LRCiv 7.2(c).

When ruling on a motion to strike, the Court first ascertains whether the filing at issue may be stricken. Here, that means ascertaining whether Defendants' response brief was filed out of compliance with LRCiv 7.2(c). If not, then the Court may not strike it. If so, the then the Court may, but is not required to, strike it. *See Martinez v. Alltran Financial LP*, No. CV-18-04815-PHX-DLR, 2019 WL 1777300, at *1 (D. Ariz. Apr. 23, 2019).

Defendants' response brief was filed out of compliance with LRCiv 7.2(c) because it was filed six days after the expiration of the fourteen-day response deadline, and Defendants did not seek or obtain an extension of that deadline before filling their brief.[1]

---

[1] Defendants contend that the Court should, pursuant to Federal Rule of Civil Procedure 6(b), accept their late filing because their failure to meet the deadline was the result of excusable neglect—namely, a minor calendaring error. (Doc. 95 at 2.) Had Defendants moved under Rule 6(b) for a retroactive extension of their response deadline, the Court likely would have granted the request. But Defendants ignore the obvious—they never filed such a motion. Instead, Defendants unilaterally filed a tardy brief without acknowledging that they missed the deadline or seeking permission from the Court to file an out-of-time brief. Defendants only acknowledged their error and argued excusable neglect after Plaintiff raised the untimeliness issue in his motion to strike. Better practice would have been for Defendants, upon realizing that they had missed their response deadline, to have filed a Rule 6(b) motion for a retroactive extension of time and lodged therewith a copy of their proposed response brief to be filed (if appropriate) after a ruling on their motion. Even better practice would have been to ask Plaintiff to stipulate to a retroactive extension. By electing an ask-for-forgiveness-rather-than-permission approach, Defendants spurred the instant briefing on whether to strike the untimely filing. The needless expenditure of the parties' and the Court's time and resources could have been

It therefore may be stricken.

"Whether to grant a motion to strike lies within the discretion of the district court." *Mills v. Monlux*, Case No. C25-0742JLR, 2025 WL 1953101, at *1 (W.D. Wash. July 16, 2025). "Motions to strike are disfavored, and courts generally deny them absent a showing of prejudice." *Dempsay v. City of Phoenix*, No. CV-22-00503-PHX-DLR, 2023 WL 5206130, at *1 (D. Ariz. Aug. 14, 2023). Here, the Court, in its discretion, denies the motion to strike because Plaintiff has not shown he was prejudiced by Defendants' six-day delay. *See Media Print, Inc. Nationwide Ins. Co. of Am.*, No. CV-18-00982-PHX-SRB, 2019 WL 13196793, at *4 (D. Ariz. Oct. 2019) (denying motion to strike untimely filing because movants failed to show prejudice).

**IT IS ORDERED** that Plaintiff's motion to strike (Doc. 92) is **DENIED**.

Dated this 19th day of December, 2025.

Douglas L. Rayes
Senior United States District Judge

---

avoided by asking for permission up front, rather than for forgiveness after the fact.