**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

Robert G Furst,

    Plaintiff,

v.

Linda Mayne, et al.,

    Defendants.

No. CV-21-01287-PHX-DLR

**ORDER**

At issue is the renewed[1] motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 filed on behalf of Defendants Linda and Stephen Mayne (collectively, "Defendants"). (Doc. 85.) The motion is fully briefed (Docs. 86, 89) and, for reasons that follow, will be denied.[2]

---

[1] Defendants initially moved for attorneys' fees and costs on May 6, 2024, following the Court's entry of summary judgment in their favor. (Doc. 72.) Because Plaintiff Robert Furst had filed a notice of appeal, the Court denied Defendants' fee motion without prejudice to Defendants renewing the motion after resolution of the appeal. (Doc. 82.) The Ninth Circuit eventually affirmed this Court's summary judgment order and issued its mandate on July 31, 2025. (Doc. 84.) This renewed motion for attorneys' fees and costs followed.

[2] Oral argument is denied because the issues are adequately briefed and oral argument will not be useful. *See* Fed. R. Civ. P. 78(b); LRCiv. 7.2(f). Additionally, Mr. Furst's motion requesting that the Court issue findings of fact and conclusions of law with its ruling on Defendants' § 1927 motion (Doc. 98) is denied. As Mr. Furst acknowledges, the Federal Rules of Civil Procedure do not require the Court to issue formal findings of fact and conclusions of law when ruling on motions. (*Id.* at 1.) This order sufficiently details the factual and legal basis for the Court's decision to enable appellate review. *See Ariz. Democratic Party v. Hobbs*, 485 F.Supp.3d 1073, 1081 n.3 (D. Ariz. 2020), *vacated and remanded on other grounds*, 18 F.4th 1179 (9th Cir. 2021). Mr. Furst's 30 pages of proposed factual findings and legal conclusions (Doc. 98 at 6-36) are unnecessary.

## I.    Background

For a time, Plaintiff Robert Furst and Mrs. Mayne served as co-trustees of the Furst Family Trust ("Family Trust"), of which their mother Hanna Furst ("Hanna") was the primary beneficiary.[3] (Doc. 65 at 1-2.) After Hanna suffered a stroke, the Family Trust empowered Mr. Furst and Mrs. Mayne to distribute funds necessary for Hanna's support. (*Id.* at 2.)

In October 2020, Mr. Furst filed a petition in Maricopa County Superior Court alleging that he had loaned money to Hanna to pay for necessities such as rent, groceries, prescription drugs, and medical care. (*Id.* at 4.) Mr. Furst sought reimbursement from the Family Trust for these sums. (*Id.*)

In July 2021, while proceedings related to Mr. Furst's reimbursement petition were ongoing in state court, Mr. Furst filed this lawsuit. (Doc. 1.) He filed the operative first amended complaint in November 2021, alleging, in relevant part, that Mrs. Mayne fraudulently induced him to pay for Hanna's necessities by assuring him that he would be repaid by the Family Trust. (Doc. 20.) Defendants moved to dismiss Mr. Furst's claims, arguing, among other things, that they were barred by the elections of remedies doctrine because Mr. Furst was seeking to recover the same damages in this case as he was seeking to recover in the state court reimbursement action. (Doc. 23 at 9-12.) Mr. Furst admitted that his claims against Mrs. Mayne and the Family Trust were "for the same amount," but argued that he could pursue both cases, "provided, however, that he cannot receive a double recovery," because the substantive rights he was asserting in each were not inconsistent. (Doc. 29 at 6-7.) The Court agreed with Mr. Furst, finding that he could simultaneously pursue his state court reimbursement and his federal fraud actions because the wrongs alleged in each were different, though he could not obtain a double recovery if the damages ultimately obtained in one action made him whole. (Doc. 38 at 5-6.)

---

[3] In September 2019, the Maricopa County Superior Court removed Mr. Furst and Mrs. Mayne as co-trustees and appointed Zia Trust, a professional trustee, as the successor trustee of the Family Trust. (Doc. 65 at 4 n.5.)

In June 2022, Mr. Furst and Zia Trust reached a settlement in the state court reimbursement action. (Doc. 58 at 15.) Under the settlement, which the Maricopa County Superior Court approved in September 2022, Mr. Furst agreed to dismiss his reimbursement claims against the Family Trust in exchange for $200,000. (Doc. 65 at 4-5.)

On April 3, 2023, following the close of discovery, Defendants moved for summary judgment in this matter. (Doc. 58.) As relevant here, Defendants argued that Mr. Furst could no longer pursue his fraud claims against Mrs. Mayne because he had been made whole by the $200,000 settlement he received in the state court reimbursement action. (*Id.* at 14-19.) Mr. Furst countered that the state court settlement had not made him whole because it compensated him for only some of the loans he had made to Hanna. (Doc. 62 at 17.) The Court ruled in favor of Defendants, finding that the state court settlement had made Mr. Furst whole, so he necessarily could not establish the injury element of his fraud claims. (Doc. 65 at 5-6.)

A divided Ninth Circuit panel affirmed. (Doc. 84-1.) The majority agreed that Mr. Furst had been made whole by the $200,000 state court settlement, precluding him from seeking further relief for the same injury in this case. (*Id.* at 3.) The dissent, however, agreed with Mr. Furst that the state court settlement did not necessarily make him whole, and that the court could have properly prevented a double recovery by discounting any damages that might be owed by Defendants in this case by the $200,000 value of the state court settlement. (*Id.* at 7.)

## II.    Legal Standard

Under 28 U.S.C. § 1927, lawyers[4] who unreasonably and vexatiously multiply court proceedings may be assessed the excess costs, expenses, and attorneys' fees incurred as a result. Section 1927 authorizes only the assessment of excess costs, expenses, and fees incurred because of an attorney's unreasonable conduct; it does not authorize an award of the total costs of litigation. *See United States v. Associated Convalescent Enters., Inc.*, 766

---

[4] Mr. Furst represented himself in this matter, but he is a licensed attorney.

F.2d 1342, 1347-48 (9th Cir. 1985). To award fees under this section, the Court must find that the attorney acted in bad faith. *MGIC Indem. Corp. v. Moore*, 952 F.2d 1120, 1122 (9th Cir. 1991). An attorney's bad faith is assessed under a subjective standard, and "is present when an attorney knowingly or recklessly raises a frivolous argument, or argues a meritorious claim for the purpose of harassing an opponent." *In re Keegan Mgmt. Co., Sec. Litig.*, 78 F.3d 431, 436 (9th Cir. 1996) (quotation and citation omitted).

### III.    Discussion

Defendants advance two overarching arguments. First, they contend they should be awarded their attorneys' fees and costs incurred "on and after June, 16, 2022" because "after settling the Reimbursement Petition for $200,000, [Mr. Furst] continued baseless pursuit of his claims in this case, despite knowing that the Settlement had rendered them moot." (Doc. 85 at 17.) Second, Defendants argue they should be awarded "all fees and costs incurred . . . in this matter" because "the purpose of this litigation from the start was to perpetuate a scheme whereby [Mr. Furst] tried to obtain an unlawful double recovery." (*Id.*) Having carefully reviewed the parties' briefs, the Court finds neither argument persuasive.

Beginning with Defendants' narrower argument, the Court finds no evidence that Mr. Furst *knew* the state court settlement had rendered his claims in this case moot. As this Court found in its order on Defendants' motion to dismiss, Mr. Furst could simultaneously pursue his state court reimbursement claim against the Family Trust and his federal court fraud claims against Defendants, provided he did not obtain a double recovery. After Mr. Furst settled his reimbursement claim against the Family Trust, he continued to pursue this action because he did not believe the state court settlement had made him whole. This Court and two members of the appeals panel disagreed, finding that the state court settlement had fully remedied Mr. Furst's injury, such that he could no longer recover for the same injury in this case. But Mr. Furst's view was not unreasonable or frivolous. Indeed, it was shared by the dissenting member of the appeals panel. Against this background, the Court cannot say that Mr. Furst knowingly or recklessly pursued a frivolous claim or argument. Mr. Furst

simply disagreed that the state court settlement had made him whole and continued to pursue this case to recover the difference he believed, incorrectly, he was owed. In the end, Mr. Furst's argument was unpersuasive, but that does not mean the argument was frivolous, let alone that he *knew* it meritless.

The Court's rejection of Defendants' narrower argument necessarily requires it to reject Defendants' broader argument. The premise underlying Defendants' broader argument is that Mr. Furst pursued this case as part of a scheme to improperly obtain a double recovery. But, as explained above, the Court does not find that Mr. Furst was improperly attempting to obtain a double recovery. To the contrary, Mr. Furst *agreed* in his response in opposition to Defendants' motion to dismiss that he could not obtain a double recovery. (Doc. 29 at 6-7.) Likewise, he agreed in his response in opposition to Defendants' motion for summary judgment the state court settlement had partially remedied his injury, and he did not seek to recover twice for that portion. (Doc. 62 at 17.) Instead, Mr. Furst continued to pursue this case because he had a good-faith, non-frivolous, though ultimately unpersuasive argument that the state court settlement had not *fully* remedied the injury he claimed to have suffered.

To bolster their argument that Mr. Furst maintained this case as part of a scheme to obtain a double recovery, Defendants point to deficiencies in Mr. Furst's discovery responses. In particular, they argue that Mr. Furst failed to adequately disclose a computation of his damage and intentionally withheld the settlement agreement. (Doc. 85 at 6-8.) They also fault Mr. Furst for failing to appear at the case management conference and a subsequent status conference, and for noticing some depositions that he ultimately cancelled. (*Id.* at 8-9.) Mr. Furst disputes that he *intentionally* withheld the settlement agreement, contending instead that he believed (apparently mistakenly)[5] that Defendants already had the settlement agreement in their possession. (Doc. 86 at 14.) He also contends

[5] It is unclear from the record how or when Defendants obtained a copy of the settlement agreement, but they submitted it as an exhibit in support of their summary judgment motion. (*See* Docs. 58-9 and 58-10.) Defendants do not explain how their defense of this case would have changed had Mr. Furst provided the settlement agreement earlier than Defendants uncovered it themselves.

that he adequately described his damages in his disclosures, that he cancelled certain depositions to reduce costs, and that his failure to appear at two hearings was inadvertent, non-prejudicial, and not indicative of bad faith. (*Id.* at 15-17.)

The Court does not need to definitively resolve whether Mr. Furst's discovery responses were adequate to resolve the present motion because Defendants are not seeking § 1927 sanctions for discrete discovery violations in and of themselves.[6] Instead, Defendants argue that these perceived discovery deficiencies are evidence that Mr. Furst brought and maintained this case for an improper purpose, namely to obtain a double recovery to which he knew he was not entitled. But even if Mr. Furst's discovery responses were inadequate, the Court does not find Mr. Furst had the improper motive Defendants' ascribed to him. Mr. Furst agreed throughout this case that he could not obtain a double recovery. After he settled the state court action, he agreed that his injury had at least been partially remedied and he did not seek to recover twice for that portion. Instead, Mr. Furst pursued a good-faith, non-frivolous, though ultimately unpersuasive argument that the state court settlement had not fully remedied his injury and that he could maintain his fraud claims here to recover the difference. Although Defendants have shown that Mr. Furst was careless in his discovery responses, they have not persuaded the Court that this carelessness reveals an improper motive.

For these reasons,

**IT IS ORDERED** that Defendants' renewed motion for attorneys' fees and costs pursuant to 28 U.S.C. § 1927 (Doc. 85) is **DENIED**.

**IT IS FURTHER ORDERED** that Mr. Furst's motion requesting that the Court issue 30 pages of factual findings and legal conclusions as part of its ruling on Defendants'

….

….

---

[6] Federal Rules of Civil Procedure 37 is a more precise tool for remedying discrete discovery violations. The record here shows that the parties only brought one discovery dispute to the Court's attention, which concerned the timing and adequacy of Plaintiff's computation of damages disclosure, and that dispute was resolved by the Court reaffirming the existing discovery deadlines. (Docs. 53 and 56.)

§ 1927 motion (Doc. 98) is **DENIED** because this order adequately explains the factual and legal basis for the Court's decision.

Dated this 20th day of March, 2026.

Douglas L. Rayes
Senior United States District Judge