**WO**

**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF ARIZONA**

Robert G Furst,

Plaintiff,

v.

Linda Mayne, et al.,

Defendants.

No. CV-21-01287-PHX-DLR

**ORDER**

At issue is Plaintiff Robert G. Furst's motion for sanctions against Defendants Stephen S. Mayne and Linda Mayne, and their attorney Justin Niedzialek. (Doc. 90.) The motion is fully briefed (Docs. 91, 100) and will be denied.[1]

## I. Background

For a time, Mr. Furst and Mrs. Mayne served as co-trustees of the Furst Family Trust ("Family Trust"), of which their mother Hanna Furst ("Hanna") was the primary beneficiary.[2] (Doc. 65 at 1-2.) After Hanna suffered a stroke, the Family Trust empowered Mr. Furst and Mrs. Mayne to distribute funds necessary for Hanna's support. (*Id.* at 2.)

In October 2020, Mr. Furst filed a petition in Maricopa County Superior Court alleging that he had loaned money to Hanna to pay for necessities such as rent, groceries,

[1] Oral argument is denied because the issues are adequately briefed and further argument will not be useful. *See* Fed. R. Civ. P. 78(b); LRCiv 7.2(f).

[2] In September 2019, the Maricopa County Superior Court removed Mr. Furst and Mrs. Mayne as co-trustees and appointed Zia Trust, a professional trustee, as the successor trustee of the Family Trust. (Doc. 65 at 4 n.5.)

prescription drugs, and medical care. (*Id.* at 4.) Mr. Furst sought reimbursement from the Family Trust for these sums. (*Id.*)

In July 2021, while proceedings related to Mr. Furst's reimbursement petition were ongoing in state court, Mr. Furst filed this lawsuit. (Doc. 1.) He filed the operative first amended complaint in November 2021, alleging that Mrs. Mayne fraudulently induced him to pay for Hanna's necessities by assuring him that he would be repaid by the Family Trust. (Doc. 20.) Defendants moved to dismiss Mr. Furst's claims, arguing that they were barred by the elections of remedies doctrine because Mr. Furst was seeking to recover the same damages in this case as he was seeking to recover in the state court reimbursement action. (Doc. 23 at 9-12.) Mr. Furst admitted that his claims against Mrs. Mayne and the Family Trust were "for the same amount," but argued that he could pursue both cases, "provided, however, that he cannot receive a double recovery," because the substantive rights he was asserting in each were not inconsistent. (Doc. 29 at 6-7.) The Court agreed with Mr. Furst, finding that he could simultaneously pursue his state court reimbursement and his federal fraud actions because the wrongs alleged in each were different, though he could not obtain double recovery if the damages ultimately obtained in one action made him whole. (Doc. 38 at 5-6.)

In June 2022, Mr. Furst and Zia Trust reached a settlement in the state court reimbursement action. (Doc. 58 at 15.) Under the settlement, which the Maricopa County Superior Court approved in September 2022, Mr. Furst agreed to dismiss his reimbursement claims against the Family Trust in exchange for $200,000. (Doc. 65 at 4-5.)

On April 3, 2023, following the close of discovery, Defendants moved for summary judgment. (Doc. 58.) Defendants argued that Mr. Furst could no longer pursue his fraud claims against Mrs. Mayne because he had been made whole by the $200,000 settlement he received in the state court reimbursement action. (*Id.* at 14-19.) Mr. Furst countered that the state court settlement had not made him whole because it compensated him for only some of the loans he had made to Hanna. (Doc. 62 at 17.) The Court ruled for Defendants,

finding that the state court settlement had made Mr. Furst whole, so he necessarily could not establish the injury element of his fraud claims. (Doc. 65 at 5-6.)

Mr. Furst moved for reconsideration, arguing that the Court had manifestly erred by finding that the state court settlement had made him whole. (Doc. 67.) The Court denied that motion. (Doc. 76.)

Mr. Furst appealed (Doc. 71), and a divided Ninth Circuit panel affirmed. (Doc. 84-1.) The majority agreed that Mr. Furst had been made whole by the $200,000 state court settlement, precluding him from seeking more relief for the same injury in this case. (*Id.* at 3.) The dissent, however, agreed with Mr. Furst that the state court settlement did not necessarily make him whole, and that the Court could have properly prevented a double recovery by discounting any damages that might be owed by Defendants by the $200,000 value of the state court settlement. (*Id.* at 7.)

Following the Ninth Circuit's ruling, Defendants moved for an award of their attorney fees and costs under 28 U.S.C. § 1927 as a sanction against Mr. Furst for unreasonably and vexatiously multiplying court proceedings. (Doc. 85.) Defendants argued that Mr. Furst should have known that the state court settlement made him whole but perpetuated this litigation as part of a broader scheme to obtain double recovery.

After briefing closed on Defendants' motion for sanctions, Mr. Furst filed his own motion for sanctions, accusing Defendants of filing their motion for sanctions in bad faith. (Doc. 90.)

The Court denied Defendants' motion for sanctions. The Court rejected Defendants' argument that Mr. Furst had brought this case in bad faith, as well as their argument that Mr. Furst knew this federal case had been rendered moot by the state court settlement. Although Mr. Furst's position that the state court settlement had not made him whole was wrong, the Court found that it was not a frivolous or reckless position, especially given the dissenting member of the Ninth Circuit panel essential agreed with Mr. Furst.

## II. Legal Standard

Mr. Furst asks the Court to impose sanctions pursuant to its inherent powers. The

Court has the inherent power to assess sanctions against a party for bad-faith litigation conduct. *See Chambers v. NASCO, Inc.*, 501 U.S. 32, 45-46 (1991). But the Court must exercise this power cautiously. *Id.* at 50.

## III. Analysis

The crux of Mr. Furst's argument is that, in filing their own sanctions motion, Defendants presented a "false narrative" that Mr. Furst wrongfully sought the same damages in this case as he did in the state court reimbursement action. From there, Mr. Furst's brief reads more like another motion for reconsideration, criticizing the logic and factual basis for the Court's ruling that the state court settlement had made him whole such that he could no longer recover damages in this case without obtaining an improper double recovery. But the Court has ruled that the state court settlement made Mr. Furst whole. The Court denied Mr. Furst's motion for reconsideration of that ruling. And the Ninth Circuit affirmed, agreeing that Mr. Furst had been made whole by the state court settlement, precluding him from seeking more relief for the same injury in this case. This outcome is not up for re-litigation.

Defendants' motion for sanctions therefore was not, as Mr. Furst now argues, "based on knowingly false statements of fact and law[.]" (Doc. 90 at 17.) Instead, Defendants' motion for sanctions was predicated on the Court's summary judgment ruling, affirmed on appeal. Mr. Furst might strongly disagree with that outcome, but it does not make the outcome "false."

Defendants took the position in their motion for sanctions that the state court settlement so clearly mooted Mr. Furst's federal lawsuit that Mr. Furst should have been sanctioned for continuing this case after he received the state court settlement proceeds. The Court disagreed that the issue was so clear-cut as to render Mr. Furst's position frivolous: "In the end, Mr. Furst's argument was unpersuasive, but that does not mean the argument was frivolous, let alone that he *knew* it meritless. . . . Instead, Mr. Furst continued to pursue this case because he had a good-faith, non-frivolous, though ultimately unpersuasive argument that the state court settlement had not fully remedied the injury he

claimed to have suffered." (Doc. 108 at 5.)

What's sauce for the goose is sauce for the gander. Defendants moved for sanctions against Mr. Furst based on a good-faith, non-frivolous, though ultimately unpersuasive argument that the state court settlement so obviously barred Mr. Furst from recovering anything more in this case that Mr. Furst's perpetuation of this case after receiving the settlement proceeds could only be explained by bad faith. In the end, the Court found Defendants' arguments for the imposition of sanctions to be unpersuasive, but that does not mean that their arguments were frivolous or made in bad faith.

**IT IS ORDERED** that Mr. Furst's motion for sanctions (Doc. 90) is **DENIED**.

Dated this 25th day of August, 2026.

Douglas L. Rayes
Senior United States District Judge